IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDF INTERNATIONAL S.A., <br><br> Petitioner, <br><br> - against - <br><br> YPF S.A., <br><br> Respondent. | C.A. No. _____ |

### PETITION TO CONFIRM ARBITRATION AWARD

Petitioner EDF International S.A. ("EDFI"), by and through its undersigned attorneys, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, brings this proceeding to confirm an Award rendered by an Arbitral Tribunal (the "Tribunal") appointed by the Court of Arbitration of the International Chamber of Commerce. The original award was dated October 22, 2007, and was amended by the Tribunal amendments dated December 21, 2007 and February 14, 2008 (collectively, the "Final Award"). In support thereof EDFI alleges as follows:

### SUBJECT MATTER JURISDICTION AND VENUE

1. This Court has original jurisdiction over this proceeding under 9 U.S.C. §203, in that the subject matter of this proceeding relates to an arbitration award falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") 9 U.S.C. § 201, et seq., and is thus "deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203.

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(d) and 9 U.S.C. § 204.

## PERSONAL JURISDICTION

3. EDFI seeks to enforce the Award by attaching the stock of YPF Holdings, Inc. ("YPF Holdings"), a wholly owned subsidiary of Respondent YPF S.A. ("YPF"). On information and belief, YPF Holdings is a corporation organized under the laws of the State of Delaware and under Delaware law, for purposes of attachment, the situs of the ownership is regarded as being located in the State. Because the stock owned by YPF that EDFI seeks to attach is, by law, located in Delaware, this Court has quasi in rem jurisdiction over Respondent.

## PARTIES

4. Petitioner EDFI is a corporation organized and existing under the laws of France. EDFI is a subsidiary of Electricité de France, S.A., a corporation organized and existing under the laws of France.

5. Respondent YPF is a corporation organized and existing under the laws of Argentina. YPF is a subsidiary of REPSOL YPF S.A. ("REPSOL"), a corporation organized and existing under the laws of Spain.

6. France, Argentina, Spain and the United States are all signatories to the Convention.

## ALLEGATIONS APPLICABLE TO THE CLAIM

7. ENDESA Internacional S.A. ("ENDESA") is a corporation organized and existing under the laws of Spain. ENDESA is a subsidiary of ENDESA S.A., a corporation organized and existing under the laws of Spain.

8. Empresa Distribuidora y Comercializadora Norte, S.A. ("EDENOR") is a corporation, organized and existing under the laws of Argentina, engaged in the distribution of electricity in the North of Buenos Aires and the surrounding area.

9.  Electricidad Argentina S.A. ("EASA") is a corporation, organized and existing under the laws of Argentina. EASA controls EDENOR.

10. Astra Compañía Argentina de Petróleo S.A. ("ASTRA CAPSA") was a corporation, organized under the laws of Argentina, whose main business was the production of oil and gas in Argentina and Latin America and which formerly held an interest in EASA. In 2001, ASTRA CAPSA merged with YPF; YPF was the surviving company.

11. On March 30, 2001, EDFI, ENDESA and ASTRA CAPSA entered into a Sale and Purchase agreement (the "Agreement") pursuant to which EDFI purchased the shares of EASA and EDENOR from ENDESA and ASTRA CAPSA. The Agreement contained an arbitration provision whereby the parties agreed to submit disputes arising out of the Agreement to international commercial arbitration pursuant to the Rules of Arbitration of the International Chamber of Commerce (the "ICC"). (See Agreement at ¶ 7.7, a duly certified copy of which is attached to the Declaration of Charles D. Reed ("Reed Declaration") as Exhibit A, and a certified translation of which is attached to the Reed Declaration as Exhibit B.)

12. On March 30, 2001, EDFI, ENDESA and ASTRA CAPSA executed a letter (the "Supplemental Agreement") providing for a revision of the purchase price based on a tariff revision scheduled for August 31, 2002.

13. In addition, EDFI, ENDESA and ASTRA CAPSA executed a second letter dated March 31, 2001 (the "Letter Agreement") providing for a modification of the purchase price if the "*desvinculación*" of the Argentinian peso with respect to the U.S. dollar took place before December 31, 2001 (the "Contingency").

14. On April 4, 2001, ASTRA CAPSA merged with Respondent YPF. YPF assumed the assets and liabilities of ASTRA CAPSA.

15.     On July 9, 2002, pursuant to the Agreement, petitioner EDFI filed a request for arbitration with the ICC. EDFI claimed that, under the Letter Agreement, it was entitled to a revision of the purchase price for the shares of EDENOR due to the occurrence of the Contingency.

16.     On October 11, 2002, ENDESA and YPF filed a counterclaim against EDFI claiming amounts due under the Supplemental Agreement.

17.     In connection with preliminary proceedings to determine whether REPSOL was a party to the arbitration agreement, after submission of briefing and comments by the parties, the Tribunal held an evidentiary hearing at the ICC in Paris on November 3 and 4, 2003. After prior consultation with the parties, the Tribunal held another hearing to hear argument on this issue on February 2 and 3, 2004, at the ICC in Paris. The parties submitted post-hearing briefing and comments and, on February 14, 2005, the Tribunal issued its preliminary award on jurisdiction.

18.     In connection with the merits, during 2005, the parties to the arbitration submitted statements of their claims, counterclaims, rejoinders and briefs, accompanied by supporting documents and witness statements. On October 17-20, 2005, the Tribunal held an evidentiary hearing in Buenos Aires. After further submissions, the Tribunal heard closing arguments, which took place in Madrid on May 11, 2006.

19.     On October 22, 2007, the Tribunal rendered the Final Award. On December 21, 2007, the Tribunal issued an Addendum to the Final Award to correct certain typographical errors. On February 14, 2008, the Tribunal issued a second Addendum to correct other typographical errors. Pursuant to ICC Rules of Arbitration 29(3), these addenda constitute part of the Final Award.

20.   Pursuant to Article 27 of the ICC Rules of Arbitration, the Final Award was approved by the ICC Court of Arbitration.

21.   As allowed by Argentine law, the parties have challenged different aspects of the Final Award by petitioning the Tribunal. The Tribunal, in turn, referred the challenges to the commercial chamber of the Court of Appeals of Buenos Aires, Argentina. Although those challenges are still pending before that court, under the Convention, the existence of such challenges does not alter the right of EDFI to enforce the Final Award.

## CLAIM

22.   On October 22, 2007, the Tribunal issued the Final Award in writing in Spanish, signed by the arbitrators. A duly certified copy of the Final Award is attached as Exhibit C to the Reed Declaration. A certified translation of the Final Award is attached as Exhibit D to the Reed Declaration. The amendments to the Final Award dated December 21, 2007 and February 14, 2008 are attached respectively as Exhibits E and G to the Reed Declaration; certified translations of the amendments are attached as Exhibits F and H.

23.   In the Final Award, the Tribunal ordered YPF to pay $28,933,850.00 to EDFI, plus interest as provided therein. (See Exhibit D to the Reed Declaration, at 261).

24.   The Final Award represents a complete and final determination of all claims submitted by the parties to the Tribunal.

25.   Less than three years has expired since the date of delivery of the Final Award by the Tribunal to the parties, and the Final Award has not been vacated or modified since the Tribunal's last amendment on February 14, 2008.

26.   YPF has not made any payment of the amount awarded in the Final Award to EDFI.

**WHEREFORE**, Petitioner EDFI respectfully requests that the Court enter an order, pursuant to 9 U.S.C. §207, (i) confirming the Final Award; (ii) directing that judgment be entered in EDFI's favor in the amount of the Final Award against YPF ($28,933,850.00), plus interest as provided therein, to the extent of YPF's property in this jurisdiction; (iii) that EDFI be awarded the legal fees and costs of this action; as well as (iv) such other and further relief as the Court deems just and proper.

Of Counsel:

John M. Townsend
Charles D. Reed
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006
(202) 721-4600

Dated: March 25, 2008

/s/ Gregory V. Varallo

Gregory V. Varallo (#2242)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Varallo@rlf.com
Fineman@rlf.com
(302) 651-7700
Attorneys for Petitioner EDF International S.A.

JS 44 (Rev 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
EDF INTERNATIONAL S.A.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Steven J. Fineman, Esquire
Richards, Layton & Finger
One Rodney Square - P.O. Box 551
Wilmington, DE 19899
302-651-7700

## DEFENDANTS
YPF S.A.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ○ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ○ 610 Agriculture | ○ 422 Appeal 28 USC 158 | ○ 400 State Reapportionment |
| ○ 120 Marine | ○ 310 Airplane / ○ 362 Personal Injury - Med. Malpractice | ○ 620 Other Food & Drug | ○ 423 Withdrawal 28 USC 157 | ○ 410 Antitrust |
| ○ 130 Miller Act | ○ 315 Airplane Product Liability / ○ 365 Personal Injury - Product Liability | ○ 625 Drug Related Seizure of Property 21 USC 881 |  | ○ 430 Banks and Banking |
| ○ 140 Negotiable Instrument | ○ 320 Assault, Libel & Slander / ○ 368 Asbestos Personal Injury Product Liability | ○ 630 Liquor Laws | **PROPERTY RIGHTS** | ○ 450 Commerce |
| ○ 150 Recovery of Overpayment & Enforcement of Judgment | ○ 330 Federal Employers' Liability | ○ 640 R.R. & Truck | ○ 820 Copyrights | ○ 460 Deportation |
| ○ 151 Medicare Act | ○ 340 Marine / **PERSONAL PROPERTY** | ○ 650 Airline Regs. | ○ 830 Patent | ○ 470 Racketeer Influenced and Corrupt Organizations |
| ○ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ○ 345 Marine Product Liability / ○ 370 Other Fraud | ○ 660 Occupational Safety/Health | ○ 840 Trademark | ○ 480 Consumer Credit |
| ○ 153 Recovery of Overpayment of Veteran's Benefits | ○ 350 Motor Vehicle / ○ 371 Truth in Lending | ○ 690 Other |  | ○ 490 Cable/Sat TV |
| ○ 160 Stockholders' Suits | ○ 355 Motor Vehicle Product Liability / ○ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ○ 810 Selective Service |
| ○ 190 Other Contract | ○ 360 Other Personal Injury / ○ 385 Property Damage Product Liability | ○ 710 Fair Labor Standards Act | ○ 861 HIA (1395ff) | ○ 850 Securities/Commodities/Exchange |
| ○ 195 Contract Product Liability |  |  | ○ 862 Black Lung (923) | ○ 875 Customer Challenge 12 USC 3410 |
| ○ 196 Franchise |  | ○ 720 Labor/Mgmt. Relations | ○ 863 DIWC/DIWW (405(g)) | ● 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ○ 730 Labor/Mgmt. Reporting & Disclosure Act | ○ 864 SSID Title XVI | ○ 891 Agricultural Acts |
| ○ 210 Land Condemnation | ○ 441 Voting / ○ 510 Motions to Vacate Sentence | ○ 740 Railway Labor Act | ○ 865 RSI (405(g)) | ○ 892 Economic Stabilization Act |
| ○ 220 Foreclosure | ○ 442 Employment | ○ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ○ 893 Environmental Matters |
| ○ 230 Rent Lease & Ejectment | ○ 443 Housing/Accommodations / **Habeas Corpus:** | ○ 791 Empl. Ret. Inc. Security Act | ○ 870 Taxes (U.S. Plaintiff or Defendant) | ○ 894 Energy Allocation Act |
| ○ 240 Torts to Land | ○ 444 Welfare / ○ 530 General |  | ○ 871 IRS—Third Party 26 USC 7609 | ○ 895 Freedom of Information Act |
| ○ 245 Tort Product Liability | ○ 445 Amer. w/Disabilities - Employment / ○ 535 Death Penalty | **IMMIGRATION** |  | ○ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ○ 290 All Other Real Property | ○ 446 Amer. w/Disabilities - Other / ○ 540 Mandamus & Other | ○ 462 Naturalization Application |  |  |
|  | / ○ 550 Civil Rights | ○ 463 Habeas Corpus - Alien Detainee |  | ○ 950 Constitutionality of State Statutes |
|  | ○ 440 Other Civil Rights / ○ 555 Prison Condition | ○ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multidistrict Litigation
- ○ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
9 U.S.C. § 207

Brief description of cause: Petition to confirm arbitral award

## VII. REQUESTED IN COMPLAINT:
○ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ○ Yes ● No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: March 25, 2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

RLF1-3265445-1

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F R C P, which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff (1) Jurisdiction based on 28 U S C 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question (3) This refers to suits under 28 U S C 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship (4) This refers to suits under 28 U S C 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings (1) Cases which originate in the United States district courts.

Removed from State Court (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C, Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District (5) For cases transferred under Title 28 U S C Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U S Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F R Cv P.

Demand In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case 1:08-cv-00167-JJF   Document 1-3   Filed 03/25/2008   Page 1 of 1

℆AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____

Plaintiff
V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____   _____
Date              United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.