IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDF INTERNATIONAL S.A., <br><br> Petitioner, <br><br> - against - <br><br> YPF S.A., <br><br> Respondent. | C.A. No. _____ |

**OPENING BRIEF IN SUPPORT OF MOTION FOR CONFIRMATION OF ARBITRAL AWARD, ENTRY OF JUDGMENT, AND ISSUANCE OF A WRIT OF ATTACHMENT**

Of Counsel:

John M. Townsend
Charles D. Reed
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006
(202) 721-4600

Gregory V. Varallo (#2242)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Varallo@rlf.com
Fineman@rlf.com
(302) 651-7700
Attorneys for Petitioner EDF International S.A.

Dated: March 25, 2008

RLF1-3261922-3

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDING ..................................................................1

STATEMENT OF FACTS .........................................................................................................1

ARGUMENT ...............................................................................................................................3

    I.    THIS COURT HAS JURISDICTION OVER THIS ACTION ........................................3

        A.    Subject Matter Jurisdiction ...................................................................................3

        B.    Venue .....................................................................................................................4

        C.    Personal Jurisdiction ............................................................................................4

    II.   THIS COURT SHOULD CONFIRM THE AWARD AND ENTER JUDGMENT THEREON ........................................................................................................................5

   III.  THIS COURT SHOULD DIRECT THE CLERK TO ISSUE A WRIT ATTACHING THE STOCK OF YPF HOLDINGS, INC. ........................................................................7

CONCLUSION ............................................................................................................................9

## TABLE OF AUTHORITIES

CME Media Enters. B.V. v. Zelezny,
 No. 01 CIV. 1733 (DC), 2001 WL 1035138 (S.D.N.Y. Sept. 10, 2001) ............................5

China Minmetals Materials Import & Export Co., Ltd. v. Chi Mei Corp.,
 334 F.3d 274 (3d Cir. 2003)......................................................................................5, 6

China Three Gorges Project Corp. v. Rotec Industries, Inc.,
 No. Civ. A. 04-1510 JJF, 2005 WL 1813025 (D. Del. Aug. 02, 2005) ..........................6

Deiulemar Compagnia Di Navigazione, S.p.A. v. Transocean Coal Co.,
 No. 03 Civ. 2038(RCC), 2004 WL 2721072 (S.D.N.Y. Nov. 30, 2004).......................7

Kingsland Holdings, Inc. v. Bracco,
 Civil A. No. 14817, 1996 WL 104257 (Del. Ch. Mar. 5, 1996) .....................................5

Shaffer v. Heitner,
 433 U.S. 186 (1977)........................................................................................................5

Ukrvneshprom State Foreign Econ. Enter. v. Tradeway, Inc.,
 No. 95 CIV. 10278 (RPP), 1996 WL 107285 (S.D.N.Y. Mar. 12, 1996).......................6

## OTHER AUTHORITIES

9 U.S.C. § 9 ..........................................................................................................................7

9 U.S.C. § 201 ......................................................................................................................4

9 U.S.C. § 202 ......................................................................................................................4

9 U.S.C. § 203 ......................................................................................................................4

9 U.S.C. § 204 ......................................................................................................................4

9 U.S.C. § 207 ..............................................................................................................passim

9 U.S.C. § 208 ......................................................................................................................7

28 U.S.C. §1391(d) ..............................................................................................................4

Fed. R. Civ. P. 69 .................................................................................................................7

8 Del. C. § 169.................................................................................................................4, 8

8 Del. C. § 324 ........................................................................................................................7

10 Del. C. § 3507 ................................................................................................................7, 8

RLF1-3261922-3

Petitioner EDF International S.A. ("EDFI") submits this opening brief in support of its motion for an order pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207 (a) confirming a Final Award rendered by an Arbitral Tribunal (the "Tribunal") appointed by the Court of Arbitration of the International Chamber of Commerce, sitting in Argentina; (b) entering judgment thereon against Respondent YPF, S.A ("YPF"); and (c) attaching Respondent's shares of stock in YPF Holdings, Inc. ("YPF Holdings"), a corporation organized under the laws of the State of Delaware and which is a wholly owned subsidiary of Respondent.

## NATURE AND STAGE OF THE PROCEEDING

On October 22, 2007, the Tribunal issued an Award, amended on December 21, 2007 and February 14, 2008 (collectively, the "Final Award"), awarding EDFI $28,933,850.00, plus interest and other relief against YPF. Contemporaneously with the filing of its Motion For Confirmation Of Arbitral Award, Entry Of Judgment And Issuance Of A Writ Of Attachment and this supporting brief, EDFI has filed a Petition with this Court to commence proceedings for the enforcement of the Final Award as amended.

## STATEMENT OF FACTS

The arbitration underlying this action arose out of a sale and purchase agreement (the "Agreement") entered into on March 30, 2001, pursuant to which EDFI purchased the shares of two Argentinean companies, Electricidad Argentina S.A. ("EASA") and Empresa Distribuidora y Comercializadora Norte, S.A. ("EDENOR"). The sellers of these shares were ENDESA Internacional S.A. ("ENDESA") and Astra Compañía Argentina de Petróleo S.A. ("ASTRA CAPSA")[1]. The Agreement contained an arbitration provision whereby the parties agreed to

---

[1] YPF later merged with ASTRA CAPSA, with YPF emerging as the surviving entity.

submit any disputes that might arise out of the Agreement to international commercial arbitration pursuant to the Rules of Arbitration of the ICC.

On March 30, 2001, the purchaser and both sellers, EDFI, ENDESA and ASTRA CAPSA executed a letter (the "Supplemental Agreement") providing for a revision of the purchase price based on a tariff revision scheduled for August 31, 2002. In addition, EDFI, ENDESA and ASTRA CAPSA executed a second letter (the "Letter Agreement") dated March 31, 2001, providing for a modification of the purchase price if the "*desvinculación*" of the Argentinian peso with respect to the U.S. dollar took place before December 31, 2001 (the "Contingency").

A dispute arose between the parties and, on July 9, 2002, petitioner EDFI filed a request for arbitration with the ICC, pursuant to the Agreement. EDFI claimed that, under the Letter Agreement, it was entitled to a revision of the purchase price for the shares of EDENOR due to the occurrence of the Contingency. After lengthy proceedings described in detail in the Award,[2] attached to the Declaration of Charles D. Reed ("Reed Declaration") filed contemporaneously herewith as Exhibit C, the Tribunal issued the Award in writing on October 22, 2007, awarding EDFI $28,933,850.00, plus interest[3] and other relief against YPF. A certified translation of the Award is attached as Exhibit D to the Reed Declaration. The initial award was subsequently modified by two amendments issued by the Tribunal on December 21, 2007 and February 14, 2008. The amendments to the Award are attached respectively as Exhibits E and G to the Reed

---

[2] See Reed Declaration, Exhibit D at 3-10.
[3] The interest award was twofold. The Tribunal awarded EDFI interest from YPF at the LIBOR rate on $40,000,000 from July 10, 2002 until August 31, 2002. Interest was awarded at the LIBOR rate on the reduced amount of $28,933,950 from September 2002 until date of payment in full. See Reed Declaration, Exhibit D at 260-61.

2

Declaration; certified translations of the amendments are attached as Exhibits F and H. The Final Award was approved by the ICC Court of Arbitration pursuant to Article 27 of the ICC Rules of Arbitration and notified to the parties pursuant to Article 28 of those rules.

As allowed by Argentine law, both parties challenged aspects of the Final Award by petitioning the Tribunal. The Tribunal, in accordance with Argentine law, referred the challenges to the commercial chamber of the Court of Appeals of Buenos Aires, Argentina. The Decision of the Tribunal to refer the challenges to the Argentine courts, dated February 6, 2008, is attached to the Reed Declaration as Exhibit I. A certified translation of the Decision of the Tribunal is attached as Exhibit J.[4] Although those challenges are still pending, the existence of such challenges does not alter the right of EDFI to enforce a valid arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral (the "Convention"), June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997.

## ARGUMENT

### I.  THIS COURT HAS JURISDICTION OVER THIS ACTION.

#### A.  Subject Matter Jurisdiction.

This Court has jurisdiction over this action because it seeks confirmation of and entry of judgment on an international arbitration award. The Final Award was rendered under the rules of the ICC Court of Arbitration by a tribunal sitting in Buenos Aires, Argentina. Both France, under the laws of which Petitioner is organized, and Argentina, under the laws of which

---

[4] A cover letter forwarding the Decision, dated March 7, 2008 is attached to the Reed Declaration as Exhibit K and a certified translation of the cover letter is attached as Exhibit L. The documents described in that letter constitute the arbitral file in the underlying arbitration. Pursuant to Argentine law, the Tribunal's jurisdiction has ceased and the parties' challenges will be resolved entirely by the Argentine judicial authorities.

3

Respondent YPF is organized and where the arbitration has its seat, are parties to the Convention, to which the United States is also a party. The Convention is codified in Chapter Two of the Federal Arbitration Act. See 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in the United States courts in accordance with this chapter."). The Final Award is an award falling under the Convention in that it arises out of a commercial legal relationship that is not entirely between citizens of the United States. See 9 U.S.C. § 202. Actions "falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States ... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

### B. Venue.

YPF is a company organized under the laws of Argentina. Therefore, venue is appropriate in this jurisdiction pursuant to 28 U.S.C. §1391(d) ("An alien may be sued in any district.") and 9 U.S.C. § 204 (the "action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought").

### C. Personal Jurisdiction.

EDFI seeks to enforce the Final Award by attaching the stock of YPF Holdings. YPF Holdings is a corporation organized under the laws of the State of Delaware. See State of Delaware Annual Franchise Tax Report for 2007, attached to the Reed Declaration as Exhibit M. Under Delaware law, for purposes of "attachment, garnishment and jurisdiction of all courts held in this State [Delaware] ... the situs of the ownership of capital stock of all corporations existing under the laws of this State ... shall be regarded as in this State." 8 Del. C. § 169. Because

4

property owned by YPF that EDFI seeks to attach is, by law, located in Delaware, this Court has quasi in rem jurisdiction over Respondent. See Shaffer v. Heitner, 433 U.S. 186, 210 n.36 (1977) (where the respondent is a debtor to the petitioner, "there would seem to be no unfairness in allowing an action to realize on that debt in a State where the [respondent] has property, whether or not the State would have jurisdiction to determine the existence of the matter."); CME Media Enterprs. B.V. v. Zelezny, No. 01 CIV. 1733 (DC), 2001 WL 1035138, at *3 (S.D.N.Y. Sept. 10, 2001) (citing Shaffer, 433 U.S. at 210 n.36, in finding personal jurisdiction in enforcing an arbitration award under the Convention); Kingsland Holdings, Inc. v. Bracco, Civil A. No. 14817, 1996 WL 104257, at *6 (Del. Ch. Mar. 5, 1996) (citing Shaffer, 433 U.S. at 210 n.36, in finding personal jurisdiction in a proceeding to sequester stock to enforce a foreign judgment).

## II. THIS COURT SHOULD CONFIRM THE AWARD AND ENTER JUDGMENT THEREON.

The Federal Arbitration Act requires this Court to confirm the Final Award unless Respondent can make a showing that the Final Award comes within the very narrow category of exceptions defined by the Convention:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

The Third Circuit has recognized that "courts strictly have limited defenses to enforcement to the defenses set forth in Article V of the Convention, and generally have construed those exceptions narrowly." China Minmetals Materials Import & Export Co., Ltd. v.

5

Chi Mei Corp., 334 F.3d 274, 283 (3d Cir. 2003); see also China Three Gorges Project Corp. v. Rotec Indus., Inc., No. Civ. A. 04-1510 JJF, 2005 WL 1813025 (D. Del. Aug. 2, 2005) (where party moves within "three years of receiving its arbitral award, this court is required to confirm the arbitral award unless [Respondent] can prove a ground for refusal as set out in the Convention").

None of the grounds enumerated in the Convention are present here. The mere fact that aspects of the Final Award are currently subject to challenge in the Argentinean courts does not preclude confirmation of the Final Award. Section 207 of the Federal Arbitration Act unequivocally provides that a court in which enforcement of a foreign arbitration award is sought "'*shall confirm* the award *unless it finds one of the grounds* for refusal or deferral of recognition or enforcement of the award *specified in the said Convention*'" China Minmetals, 334 F.3d at 283 (citing 9 U.S.C. § 207) (emphasis in opinion). Article V of the Convention enumerates the only recognized grounds for resisting confirmation of an arbitral award.

Section (e) of Article V provides that confirmation may be refused if the award "has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." An award "will be considered 'binding' for the purpose of the Convention if no further recourse may be had to another arbitral tribunal (that is, an appeals tribunal). The fact that recourse may be had to a court of law does not prevent the award from being 'binding.'" Ukrvneshprom State Foreign Econ. Enter. v. Tradeway, Inc., No. 95 CIV. 10278 (RPP), 1996 WL 107285 (S.D.N.Y. Mar. 12, 1996) (quoting Fertilizer Corp. of India v. IDI Mgmt., Inc., 517 F. Supp. 948, 957-58 (S.D. Ohio 1981)). The fact that the challenges to aspects of the Final Award are pending does not mean

that the Argentinean courts have "set aside or suspended" the award. Therefore, by the clear terms of 9 U.S.C. § 207, a district Court "shall confirm the award."

EDFI also seeks entry of judgment on the Final Award. Article IV of the Convention requires only that the party applying for recognition and enforcement of an award supply the Court with duly certified copies of the award and the written agreement to arbitrate. EDFI has provided the requisite documents and certified translations. See Reed Declaration, Exhibits A to H. Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, is applicable to awards falling under the Convention "to the extent that chapter [one] is not in conflict with [chapter two] or the Convention ...." 9 U.S.C. § 208. Section 9 permits a party to apply to a court for entry of judgment on the award, and that section is not inconsistent with the Convention. See, e.g., Deiulemar Compagnia Di Navigazione, S.P.A. v. Transocean Coal Co., No. 03 Civ. 2038 (RCC), 2004 WL 2721072 (S.D.N.Y. Nov. 30, 2004) (applying Section 9 of the Federal Arbitration Act to confirmation, recognition and enforcement of an arbitral award pursuant to the Convention).

EDFI is therefore entitled to recognition and enforcement in this Court of the Final Award rendered by the Tribunal of the ICC in EDF International S.A. v. ENDESA Internacional S.A., et al., Case No. 12231/KGA/CCO/JRF, and entry of judgment on that award.

## III. THIS COURT SHOULD DIRECT THE CLERK TO ISSUE A WRIT ATTACHING THE STOCK OF YPF HOLDINGS, INC.

Pursuant to Rule 69 of the Federal Rules of Civil Procedure,[5] 8 Del. C. § 324, 10 Del. C. § 3507, and Rule 4 of the Superior Court Civil Rules of the State of Delaware, Petitioner EDFI further applies for an Order directing the Clerk of the Court to issue, on entry of the judgment

---

[5] Fed. R. Civ. P. 69 provides that the procedure on execution of judgments "shall be in accordance with the practice and procedure of the state in which the district court is held."

sought above, a writ of foreign attachment against the shares of stock in YPF Holdings, a corporation organized and existing under the laws of the State of Delaware, owned in its entirety by Respondent YPF.

As set forth above and in the Petition To Confirm Arbitration Award filed concurrently herewith, EDFI has a cause of action for the confirmation of an arbitration award rendered by an Arbitral Tribunal of the ICC, against YPF in the amount of $28,933,850, with interest as provided in the award, and costs to be assessed. Petitioner is entitled to recover that sum.

On entry of the judgment sought in this action, EDFI would be entitled to a writ of foreign attachment on the grounds that YPF is not a corporation created by or existing under the laws of Delaware, and that petitioner would have a good cause of action against YPF in the amount of $28,933,850 U.S. dollars, plus interest. See 10 Del. C. § 3507. Upon information and belief, YPF owns 100% of the authorized shares of YPF Holdings, Inc. See Certificate of Incorporation of YPF Holdings, Inc., a copy of which is attached to the Reed Declaration, as Exhibit N, at ¶ 4; see also Form 20-F, filed by YPF S.A., dated June 27, 2007, a copy of which is attached to the Reed Declaration, as Exhibit O, at 21. The stock of YPF Holdings is sited within the State of Delaware pursuant to 8 Del. C. § 169. Because shares of YPF Holdings are not publicly traded, and Respondent YPF does not list in detail the assets held by YPF, it is not possible to estimate their value.

## CONCLUSION

For the foregoing reasons the Court should confirm the Final Award in <u>EDF International S.A. v. ENDESA Internacional S.A., et al.</u>, Case No. 12231/KGA/CCO/JRF, and direct entry of judgment on that award. The Court should further grant the requested writ attaching the stock of YPF Holdings, Inc. held by Respondent YPF S.A.

                                                                                      /s/ *[signature]*

                                                  Gregory V. Varallo (#2242)

Of Counsel:  
                                                  Steven J. Fineman (#4025)  
                                                  Richards, Layton & Finger, P.A.  
John M. Townsend                              One Rodney Square  
Charles D. Reed                                    920 North King Street  
Hughes Hubbard & Reed LLP             Wilmington, Delaware 19801  
1775 I Street, N.W.                            Varallo@rlf.com  
Washington, D.C. 20006                    Fineman@rlf.com  
(202) 721-4600                                     (302) 651-7700  
                                                  Attorneys for Petitioner EDF International, S.A.

Dated: March 25, 2008

9