IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDF INTERNATIONAL S.A., | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 08-167-JJF |
| | : |
| YPF S.A., | : |
| | : |
| Respondent. | : |

John M. Townsend, Esquire and Charles D. Reed, Esquire of HUGHES,
HUBBARD & REED, L.L.P., Washington, D.C.
Gregory V. Varallo, Esquire and Steven J. Fineman, Esquire of
RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Petitioner EDF International S.A.

Jonathan I. Blackman, Esquire; Matthew D. Slater, Esquire and
Jordana E. Lambert, Esquire of CLEARY, GOTTLIEB, STEEN &
HAMILTON, L.L.P., New York, New York.
Peter J. Walsh, Jr., Esquire and David E. Moore, Esquire of
POTTER, ANDERSON & CORROON, L.L.P., Wilmington, Delaware.

Attorneys for Respondent YPF S.A.

**MEMORANDUM OPINION**

August 13, 2009
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Petitioner EDF International S.A.'s ("EDFI") Motion To Amend The Court's Order Dismissing Petition For Confirmation Of Arbitral Award. (D.I. 26.) For the reasons discussed, the Court will grant EDFI's Motion.

## I.    BACKGROUND

This lawsuit arises from a dispute over the terms of a sale and purchase agreement entered into on March 30, 2001, pursuant to which EDFI purchased the shares of two Argentinean companies from ENDESA Internacional S.A. and Astra Compañía Argentina de Petróleo S.A., the latter of which merged with Respondent YPF, S.A. ("YPF"), with YPF as the surviving entity. The parties submitted their dispute to arbitration in Argentina and, in October 2007, the arbitral tribunal rendered a decision, finding for EDFI in the amount of $40 million and for YPF in the amount of $11,066,150, the net result being an award of $28,933,850 to EDFI. (D.I. 4, Exh. D.) Though the arbitration agreement provided that the arbitral award was "not subject to appeal," (D.I. 4, Exh. B at 5), both parties nonetheless sought annulment of the award by the Court of Appeals in Buenos Aires. On March 18, 2008, YPF petitioned the Buenos Aires Appeals Court for a declaration that their challenge to the arbitral award effected a stay of the award's terms. (D.I. 20, Exhs. 1 and 2.)

Notwithstanding the fact that it had also filed a challenge to the arbitral award, on March 25, 2008, EDFI filed a petition in this Court to enforce the arbitral award. (D.I. 1.) In the midst of the parties' briefing of this petition, the Buenos Aires Appeals Court granted YPF's request that the appeal be declared to have a staying effect on the arbitral award. In so ruling, the Appeals Court analogized the appeal of the arbitral award to the appeal of an Argentinean judgment, where, only in exceptional cases, is the appeal granted without a stay in the proceedings. (D.I. 20, Exh. 5 at 2.) The Appeals Court further noted the fact that EDFI had filed its own challenge to the arbitral award, calling this a "conclusive" reason to grant YPF's request. (Id.)

Concluding that this was a case where a "competent authority" had exercised its power to suspend execution of the arbitral award, this Court exercised its discretion pursuant to Article V(1)(e) of the New York Convention to refuse EDFI's petition to enforce the arbitral award.[1] (See D.I. 24 at 10-11.) In addition, because both parties had (1) ignored the fact that their arbitration agreement called for the results of arbitration to not be "subject to appeal," and (2) challenged the arbitral award as being contrary to law, arbitrary, and in violation of

---

[1] Article V(1)(e) of the New York Convention gives this Court discretion to refuse to confirm an arbitral award if it "has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made."

3

public policy, the Court chose to dismiss this action entirely rather than stay enforcement proceedings pending the outcome of the Argentinean appeal.

On December 2, 2008, EDFI filed the instant Motion to amend the Court's order dismissing EDFI's petition for confirmation, contending that outright dismissal of the petition places EDFI in jeopardy of being unable to enforce the award after completion of the proceedings in Argentina.

## II. DISCUSSION

A motion pursuant to Rule 59(e) may be granted only if the Court is presented with: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citations omitted).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party,

4

or has made a decision outside the adversarial issues presented
to the Court by the parties, or has made an error not of
reasoning but of apprehension." Brambles USA, 735 F. Supp. at
1241 (D. Del. 1990) (citations omitted); see also D. Del. LR
7.1.5.

    The Convention on the Recognition and Enforcement of Foreign
Arbitral Awards provides that "[w]ithin three years after an
arbitral award falling under the Convention is made, any party to
the arbitration may apply to any court having jurisdiction under
this chapter for an order confirming the award . . . ." 9 U.S.C.
§ 207 (emphasis added). Pointing to the Second Circuit decision
Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co.,
Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572
(2d Cir. 1993), EDFI contends that the Court's decision to
dismiss this action outright may, if the Argentinean appeals
process takes longer than three years, preclude it from enforcing
the arbitration award. (See D.I. 26 at 2.) In Seetransport, the
arbitrators rendered a decision in France on March 27, 1984.
Seetransport, 989 F.2d at 574. The defendants appealed the award
to French Courts, and the French Courts dismissed the appeal on
March 4, 1986. Id. at 576. However, the plaintiff did not seek
to confirm the arbitral award until March 28, 1998, more than
four years after the original arbitration decision. Id. In
reviewing the district court's decision that plaintiff's claim
for confirmation of the arbitral award was not time barred, the

5

Second Circuit noted that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards provides that the three-year statute of limitations on confirmation of arbitral awards begins to run when the arbitration award is first "made." Notwithstanding the fact that only two years had passed since the appeals court completed its review of the arbitration decision, the Second Circuit held that allowing plaintiff to enforce the arbitral award four years after the arbitral panel first issued its decision would require the court to incorrectly interpret the word "made" in Section 207 as "became final." Id. at 581. Declining to alter the statutory language in this manner, the Second Circuit held that plaintiff's claim for confirmation of the arbitral award should be dismissed as time-barred under the three-year statute of limitations. Id.

The Court agrees that the Second Circuit decision in Seetransport strongly suggests that EDFI may be barred from enforcing the arbitration award if the Argentinean appeals process takes longer then three years. Although EDFI neither mentioned this possibility nor directed the Court to the Seetransport case in briefing its Motion to confirm the arbitral award, the Court concludes that this omission is excusable. Indeed, it would, in the Court's view, have been unreasonable to require EDFI to prophylactically request a stay of this action in the event that the Court chooses not to enforce the arbitral award. In this respect, the Court's decision to dismiss this

action outright was perhaps not wholly within the spirit of the adversarial issues presented by the parties. The Court further notes that in opposing EDFI's Motion for confirmation of the arbitral award, YPF itself suggested that as an alternative to dismissing EDFI's Motion outright, the Court stay confirmation of the arbitral award pending resolution of the Argentine appeal proceedings. (See D.I. 10 at 11-17.) In these circumstances, the Court is unable to conclude that YPF would be significantly prejudiced should the Court stay this action rather than dismiss it. Indeed, in opposing the instant Motion, YPF does not identify any such prejudice. (See generally D.I. 28.) Thus, having considered Seetransport, the Court concludes that stay is more appropriate than outright dismissal.

## III. CONCLUSION

For the reasons discussed, the Court will grant EDFI's Motion.

An appropriate order will be entered.

7